The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning. The first case this morning is 08-3227, Augustine v. Department of Justice. Yes, sir. Thank you. Good morning. My name is Michael Haubecker. I represent Janet Augustine, petitioner in this matter. This case arises from the denial of appellant's request for attorney's fees to the Merit Systems Protection Board. I'm going to address three general topics, and then if you have any questions, I'll feel free to try to answer those. Justice Scalia, in his concurrence in the Buchanan matter, indicated that the key issue for determining whether the party had prevailed is whether or not the merits of the plaintiff's case remain unresolved. It's our intention that here, in this matter, Ms. Augustine's claims for constructive suspension, that the merits of that case, that no merits remain unresolved after the conduct of the Administrative Law Judge in the MSPB hearing. It's not merely a question of whether claims can be unresolved, though. It's a question of whether there's been a judicially sanctioned change in the legal relationship. Well, certainly that is one of the elements, yes. I'm just going to address those in order. I think that's the question here. The question of whether there was a judicially sanctioned change in the legal relationship under the circumstances of this case. Yes. There was no judgment then. Well, it's our intention that the statements made by the Administrative Law Judge during the third day of the hearing are akin to and equal to a judgment. You mean without having heard the government side of the case, the statements that were made amounted to a judgment? Well, on the contrary. Were you ruling against the government before the government had put on its witnesses? No, the government had put on witnesses. We had common witnesses, and the government had the opportunity to put on witnesses. But there were other witnesses that had been put on. The only witnesses that were not called were Petitioner or Appellant and the Appellant's supervisor. All of the other witnesses had been on. The warden, both associate wardens, the people who had responsibility for the conduct that was being alleged by the appellant. Isn't this akin to the Sacco case? There are some similarities to the Sacco case. It's our intention that it is distinguishable from Sacco. On what basis? Well, based on the temporal element, the chronology of what took place. In the Sacco decision, the, quote, ruling and or comment by the administrative law judge during a telephone conference took place less than four months after the appeal was filed, very early on in the proceedings. Before there was any evidence presented. That's right. But what difference does that make? Well, I think it goes to whether or not an inference can be drawn that the decision was made on the merits of the underlying claim. In this case, the claim was for a constructive suspension. That was similar to Sacco. The elements for a constructive suspension claim are essentially whether or not the absence by the appellant was voluntary or involuntary. In the administrative law judge's decisions, footnotes, there's no question that he came to a conclusion finding that a constructive suspension claim had been established by the appellant. And one only need look at what the elements are for establishing a constructive suspension claim to make a determination that that decision was necessarily on the merits. If this was a factual determination that required multiple elements, certainly then the inference might be to the contrary. But here, there's a January 4th memo that was presented as part of the testimony of the warden on day two. And on the morning of day three, after that documentation was entered and after the testimony of the warden had been completed, the judge, in our view, issued his ruling, orally, before going on the record. And has, in the footnotes to the subsequent writings, has essentially said exactly what he did prior to going back on the record. During the hearing, I informed the parties on page 36 of the joint appendix. During the hearing, I informed the parties I had come to the conclusion the appellant had established jurisdiction over her appeal by showing the agency had constructively suspended her. And I would issue a decision to that effect, making the distinction between his oral ruling and a subsequent written ruling. But does Buchanan require the formality of having the ruling in a judgment? Does that look required by Buchanan? I'm not quite sure whether or not a ruling on the record without a formal ruling judgment or encompassing that decision in a judgment is sufficient in Buchanan, is it? Well, in Buchanan itself, the requirement is, as I understand it, is that there needs to be a judgment on the merits. As I recall, it doesn't require or indicate something in writing. And subsequent rulings have interpreted that to mean that it only had a judicial imprimatur, which would be commensurate with a writing or a written consent decree. But there's been subsequent rulings which indicate that other things, in the Rice case, for example, that other actions by the court can suffice. That it depends on a determination of what force and effect the decision or the ruling has on the parties. Well, there is no ruling yet. Well, it's our contention that what was stated by the administrative law judge at the hearing was a ruling and reflects the rulings that he made orally. I don't think the government voluntarily made a change to their situation as a result of any draft. Precisely what Buchanan says is not sufficient. It's our contention that while, chronologically, the ruling was made orally at the hearing, the government excused themselves from the hearing room at the urging of the administrative law judge and said, we may want to reconsider our position based on what you've just said, Your Honor, left for approximately half an hour and 45 minutes, came back and said, well, I've communicated your decision, essentially, to my superiors, and we've decided to return the appellant to the status quo ante. It's our contention that that, while it was voluntary for them to stand up and make the decision and walk out of the room and come back, that, as a practical matter, the force and effect of that decision by the law judge orally gave them no choice but to do exactly what they did. But there was nothing enforceable about the determination or the conclusion that was reached by the administrative judge. Well, it's our contention that the board retained enforcement authority over the decision by the government in this way, that the ruling, the oral ruling, and the jurisdiction it retained was modified by what the judge said he was going to do if they didn't do what they said they were going to do. But even the administrative law judge said in the opinion denying the legal fees, he said I did not issue a final decision concerning the merits of the appeal. And the parties did not enter on a settlement agreement until we added them to the record for enforcement. I've read that, too. How do you get around that sentence? I get around that sentence by looking at what the elements of the underlying claim are and reaching the conclusion that if you find that they established, if you find that the appellant established her constructive suspension claim, there's only one conclusion. If you find that, the decision has been made on the merits because the only underlying element is a determination of whether she was absent voluntarily or involuntarily. You can't come to the conclusion that she was constructively suspended if she was absent voluntarily. Therefore, if you come to the conclusion that she was constructively suspended, you only find that she was absent involuntarily and therefore have made a determination on the merits of her claim. So while he's saying I didn't make a determination on the merits, which obviously would need to be said if he's going to deny the attorney's fees motion, but if you say that, it's ignoring what is actually being said and what he actually said prior to the – prior to day three of the hearing. Okay. Thank you, Your Honor. Good morning, Your Honor. State please the court. The conclusion of the MSEB that Ms. Augustine was not a prevailing party and thus not entitled to attorney's fees should be affirmed. Ms. Augustine did not secure an enforceable judgment on the merits. Had the agency not undertaken the action that it promised off the record to the judge and to Ms. Augustine, as the judge found, the judge would have merely reopened the record and issued a decision on the merits. The appeal was dismissed as moot, correct? Yes, sir. So the appeal was dismissed. Would it have to be reinstated in order to enforce? There was no written settlement agreement. Correct. And the record only indicates that the administrative law judge stated specifically we want you to go back to the status quo ante before the action was taken. So those would be in state, but nothing beyond that. There was no order, no settlement agreement which was enforceable or otherwise. How would you enforce that type of an action? Would you need to go back in and state that the judge said that he would prevail at that point? Or would you take an order of the judge in order to encompass what he had said during the hearing? If the agency did not take the action that it promised, then the administrative judge would not have been able to dismiss the case as moot. And as the administrative judge said, the administrative judge would have issued a decision on the merits. If Ms. Augustine believed that the agency was not taking the actions that it promised, she could have requested that the judge reopen the case and adjudicate it on the merits. She could not have petitioned the board for enforcement because there is absolutely nothing in the record that she could point to as an order that the board could enforce. So she would have been better off if she had not settled, waited for the decision to be issued, and then at that point enforced the order that would have been issued as a decision by the administrative law judge and subsequently recovered legal fees. Now, I thought that under the law, there was at least a prevailing attitude that we should try to settle cases rather than litigate them to the bitter end. But this really speaks contrary to that provision. Well, there was no settlement here, Your Honor. The agency took voluntary action on its own after coming to its own conclusion that perhaps there was problems with their case. That happens all the time, and particularly here at the board where the merits judge often acts as the settlement judge. It would not be unusual that the judge would take the parties aside off the record as he did here and say, look, this is how I'm seeing this case going. You may want to rethink things. And it appears in that case, in this case, that that's what the judge, that's what the agency did here. That was precisely what happened in Sacco. Hypothetically, if in fact at that point in time the attorney had said, Your Honor, we understand that you want us to settle. Why don't we encompass that settlement with an order that you will issue? And that order will essentially contain all of the elements that you had indicated that we would prevail. And then we'll file that order. At that point in time, would that assist in obtaining legal fees? I think there would be a closer call, but I think that that question is still answered by Brickwood, where the judge issued an order saying the agency will do the things it has promised to do. And this court found that that kind of order does not convert what would normally be considered catalyst theory into an enforceable judgment on the merits. So it would be a separate thing. I imagine a closer call had the parties entered into a settlement agreement, and that was entered into the record, and the board would have had enforcement authority. That would have been a different question. That's not what happened here. What would it take to push it over the edge? Full litigation, final judgment after an appeal time was run or after an appeal? Is that what it takes to move it over? Something very close to that, Your Honor. If the canon of the Supreme Court said an enforceable judgment on the merits, certainly we would believe that the judge would have to consider whether his order left any room for the agency to do otherwise. If the judge issued an order saying you will do this, and if the agency fails to do this, then the agency is subject to sanctions or to a petition for enforcement, that would be a closer call. That's simply not what happened here. Is it your position, is it the government's position that any time the government sees that this case is not going well, right to the very last moment the government can sort of concede the case and avoid having to pay attorneys' fees? I'm not talking about entering into a settlement agreement or having a consent judgment entered, but just, you know, things have not worked out. Let's bail out while we can so we don't have to pay attorneys' fees. Well, certainly the government, like any party, is free to reconsider its position at any point in litigation prior to the judge issuing a decision. And that type of action is certainly precisely what was rejected in Buchanan. So I understand the court's concern. I think that is the consequence of Buchanan. And I agree that's a... In some fundamental respects, it's sort of directly contrary to the whole point of the Aegis statute in the first place. It's to encourage parties, or at least, you know, not have attorneys' fees stand in the way of parties who seek redress for government actions. And this consequence of Buchanan seems to be that, well, that's all well and good. You'll have some protection that your attorneys' fees will be covered if you're a prevailing party, provided that you don't do such a great job in your litigation that the government gets cold feet and bails out before a judgment is entered. It's a little odd. And the Supreme Court did consider that in Buchanan, but decided that the language of prevailing party requires some judicially sanctioned change in the legal relationship. And here there is none. I would just... I think I've already explained that what the judge did at the hearing was not something that Ms. Augustine could enforce. I'll just briefly address the distinction that Ms. Augustine seeks to make between this case and Sacco, that the temporal elements... The relevant temporal element is whether the action that the agency took was before or after a ruling on merits, not whether it was before or after discovery or before or after preliminary discussions on or off the record. In fact, this court precisely addressed that argument in Rye Services and felt that that did not change the requirements under Buchanan and Brickwood. And if this court has no further questions, I respectfully request that the court confirm the judgment of the merits assistant. Thank you. I just wanted to address a couple of issues. With respect to your inquiries relative to settlement, certainly my inclination after the oral ruling during the hearing was, hey, wait a minute, Your Honor, what are you doing? You know, what kind of position does that put us in with you making this decision? And the result was the opposing side stepping up and leaving the room, coming back and saying, okay, we give. There was no opportunity for us to request settlement, for us to... And at that point, what incentive would the government have to enter into a settlement with us? Between the time of the hearing and when the written decision was put out by the administrative law judge, seven months, I wrote, first we submitted closing briefs requesting that the judge reconsider his actions, issued the decision consistent with his oral ruling, and then during the three-month period, I submitted correspondence to the judge because it was such a delay and because we were trying to, obviously, secure what we thought was our entitlement to the attorneys fees based on his actions. But that's the conundrum that you're placed in when the government demands that we want to settle this case. No. Or the administrative law judge said, I'm going to issue an opinion which will essentially be against the government, and they leave the room and come back and settle the case. That's a real conundrum, isn't it? It certainly is. You really can't do anything about it except maybe to ask the administrative law judge to issue an order, which would be akin to a final judgment in order to premise your immediate application for fees, I think. Yes, in which we did. Was there an order issued in this case? There was. Not, I mean, there was a final, there was an initial decision and then a final order. Yes. Interestingly, the final order was not a judgment. Well, it retained jurisdiction over the mixed case, over the discrimination claim, and made rulings on those claims. So I will wrap up by saying, particularly in this case where a return to the status quo ante only required the government to automatically deposit monies into the account of the appellant. Short of closing the account, there was no way for the appellant to say, wait a minute, that's not right. We have established our case. We have proved our case to the satisfaction of the trier of fact here. The trier of fact has made an oral ruling. And yet now the government's going to scoot out and avoid what they believe to be their, what we believe to be their responsibility to pay our attorneys' fees. I'd like to thank this court, request that you affirm the petition. Thank you very much. Do you want to regress your questions? Yes. Sorry. Thank you. Please be seated.